JEREMY W. FAITH (SBN 190647)
Email: *Jeremy@MarguliesFaithLaw.com*
MEGHANN A. TRIPLETT (SBN 268005)
Email: *Meghann*@MarguliesFaithLaw.com
**MARGULIES FAITH, LLP**
16030 Ventura Blvd., Suite 470
Encino, California 91436
Telephone: (818) 705-2777
Facsimile: (818) 705-3777

Attorneys for Sandra K. McBeth, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
NORTHERN DIVISION**

| | |
|---|---|
| In re<br><br>MARK STEVEN LIMON<br><br>Debtor.  | Case No.: 9:18-bk-11009-DS<br><br>Chapter 7<br><br>Adv. No.: |
| SANDRA K. McBETH, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>LORI LIMON, an individual,<br><br>Defendant. | **COMPLAINT FOR:**<br><br>**(1) AVOIDANCE OF PREFERENTIAL TRANSFERS [11 U.S.C. § 547];**<br><br>**(2) RECOVERY OF AVOIDED TRANSFERS [11 U.S.C. § 550]; AND**<br><br>**(3) DISALLOWANCE OF CLAIMS [11 U.S.C. §502]** |

**TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES BANKRUPTCY JUDGE:**

    Plaintiff Sandra K. McBeth, Chapter 7 trustee ("Plaintiff") for the bankruptcy estate of Mark Steven Limon ("Debtor"), hereby brings this "Complaint For: (1) Avoidance of Preferential Transfers [11 U.S.C. § 547]; (2) Recovery of Avoided Transfers [11 U.S.C. § 550]; and (3) Disallowance of Claims [11 U.S.C. §502]" (the "Complaint") and respectfully alleges the following upon knowledge, information, and belief:

**JURISDICTION**

1. The Court has jurisdiction over this adversary proceeding and its subject matter pursuant to 28 U.S.C. §§ 157(b)(1), and 1334(b) in that this proceeding arises in and relates to the bankruptcy case of *In re Mark Steven Limon* (the "Debtor"), Case No. 9:18-bk-11009-DS (the "Bankruptcy Case") presently pending in the United States Bankruptcy Court for the Central District of California. This proceeding also "arises under" title 11 as it involves a cause of action created or determined by a statutory provision of title 11. Plaintiff consents to entry of final judgment and orders by the Bankruptcy Court. This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (F). Plaintiff consents to entry of final judgment and orders by the Bankruptcy Court.

**VENUE**

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1408 and 1409(a) because this adversary proceeding arises under and in connection with a case filed under Title 11 which is pending in this district and which does not involve a consumer debt less than $19,850. The Court also has personal jurisdiction over the defendant.

**THE PARTIES**

3. Plaintiff Sandra K. McBeth ("Plaintiff"), Chapter 7 Trustee for the bankruptcy estate of Mark Steven Limon, brings this action solely in her capacity as the Chapter 7 Trustee for the Debtor's estate.

4. Plaintiff is informed and believes that defendant Lori Limon ("Defendant") is an individual subject to the jurisdiction of this Court.

5. Plaintiff is further informed and believes that Defendant is the Debtor's stepmother and, therefore, is an insider of the Debtor, as that term is defined in 11 U.S.C. §101(31).

/ / /

/ / /

**GENERAL ALLEGATIONS**

6. The Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code on June 25, 2018 (the "Petition Date").

7. Plaintiff was subsequently appointed as the Chapter 7 Trustee to administer the Debtor's estate.

8. Plaintiff does not have personal knowledge of all the facts alleged in this Complaint and, therefore, alleges certain facts on information and belief. Plaintiff reserves her right to amend this Complaint to allege additional claims against the Defendant and to challenge and recover transfers made to or for the benefit of the Defendant in addition to those transfers alleged in this Complaint.

9. Plaintiff is informed and believes that within the one-year prior to the Petition Date, the Debtor transferred at least $50,000 to the Defendant (the "Transfer").

10. The Transfer was made via cashier's check payable to Lori Limon dated March 10, 2018, and drawn from one or more accounts held by the Debtor.

11. Plaintiff is informed and believes that the Transfer was paid on account of outstanding debt(s) owed by the Debtor to Defendant at the time the payment(s).

12. Plaintiff is informed and believes that on May 21, 2017, the Debtor filed a voluntary petition for relief in the United States Bankruptcy Court for the Central District of California under Chapter 11 of Title 11 of the Bankruptcy Code for his business Stevenson Investment Group, LLC dba a Better Way Pharmacy as Case No. 2:17-bk-16716-NB (the "Business Bankruptcy").

13. Plaintiff is informed and believes that the Business Bankruptcy was filed to resolve the Debtor's personal financial and legal issues relating in part to his default on more than $100,000 in unsecured business debt that he personally guaranteed.

14. Plaintiff is informed and believes that the Debtor was in the zone of insolvency from early 2017, through the date of the entry of the order for relief, and that the Debtor was unable to pay his obligations to creditors as such obligations came due.

15. Plaintiff has made demand on Defendant for the return of the Transfer. Defendant has not responded to Plaintiff's demand.

## **FIRST CLAIM FOR RELIEF**

**(Avoidance and Recovery of Preferential Transfers)**

16. Plaintiff hereby incorporates herein by reference the preceding paragraphs of the Complaint as if fully set forth herein.

17. Plaintiff is informed and believes that the Debtor made the Transfer within the one-year prior to the Petition Date.

18. Plaintiff is informed and believes that the Transfer was made to or for the benefit of Defendant at a time in which Defendant was a creditor of the Debtor, as the term "creditor" is defined by 11 U.S.C. § 101(10).

19. Plaintiff is informed and believes that the Debtor had a property interest in the funds that made up the Transfer; as the Transfer was drawn against and cleared one or more of the Debtor's bank accounts.

20. Plaintiff is informed and believes that the Transfer was made for or on account of an antecedent debt owed by the Debtor to the Defendant.

21. Plaintiff is informed and believes that the Transfer was made while the Debtor was insolvent.

22. Plaintiff is informed and believes that the Transfer enabled the Defendant to receive more than she would have received as a creditor if: (a) the Transfers had not been made; and (b) the Defendant received payment of the debts she was owed to the extent provided under the Bankruptcy Code.  As of the Petition Date, the Debtor had little to no unencumbered assets and had scheduled unsecured debts exceeding $820,000.

23. Plaintiff is informed and believes that interest on the Transfers have accrued and continue to accrue at the maximum legal rate pursuant to 28 U.S.C. § 1961 from the time the Transfers were made.

24. Plaintiff is informed and believes that the Transfer was a preferential transfer avoidable under 11 U.S.C. § 547(b).

## SECOND CLAIM FOR RELIEF

### (Recovery of Avoided Transfer)

### [11 U.S.C. § 550]

25. Plaintiff realleges and incorporates by reference each and every preceding paragraph of the Complaint as if fully set forth herein.

26. Plaintiff is informed and believes that the Defendant was the initial transferee of the Transfer, or the individual or entity for whose benefit the Transfer was made or were the immediate or mediate transferee of the initial transferee receiving such Transfer, or any of them.

27. To the extent that the Transfer is avoided pursuant to 11 U.S.C. § 547, Plaintiff may recover, for the benefit of the Estate, the Transfer, or the value of such transfer, from Defendant or from the entity or entities for whose benefit the Transfer was made, or any immediate or mediate transferee of such initial transferee, plus interest at the legal rate.

## THIRD CLAIM FOR RELIEF

### (Disallowance of Claims)

28. Plaintiff hereby incorporates herein by reference the preceding paragraphs of the Complaint as if fully set forth herein.

29. Plaintiff is informed and believes that the Defendant is the initial transferee of the Transfer.

30. Plaintiff is informed and believes that the Defendant is an entity from which property is recoverable under 11 U.S.C. § 550.

31. The Defendant has not paid Plaintiff or the Estate the amount for which it is liable under 11 U.S.C. § 550.

32. Accordingly, to the extent the Defendant files a claim, such claim should be disallowed pursuant to 11 U.S.C. § 502(d).

**WHEREFORE**, Plaintiff prays for a judgment against the Defendant as follows:

    a.    For judgment avoiding the Transfers under 11 U.S.C. § 547(b) for the benefit of the estate, and recovering the Transfers, plus interest thereon at the legal rate from Defendant under 11 U.S.C. § 550;

    b.    For disallowance of any claims asserted by Defendant, pursuant to 11 U.S.C. § 502;

    c.    For costs of suit incurred this proceeding; and

    d.    For such other further relief as the Court deems just and proper

DATED: January 7, 2020                      **MARGULIES FAITH, LLP**

                                              By: */s/ Meghann A. Triplett*
                                              Meghann A. Triplett
                                              Attorneys for Plaintiff Sandra K. McBeth, Chapter 7 Trustee

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
16030 Ventura Blvd., Suite 470, Encino, CA 91436

A true and correct copy of the foregoing document entitled **COMPLAINT FOR: (1) AVOIDANCE OF PREFERENTIAL TRANSFERS [11 U.S.C. § 547]; (2) RECOVERY OF AVOIDED TRANSFERS [11 U.S.C. § 550]; AND (3) DISALLOWANCE OF CLAIMS [11 U.S.C. §502]** will be served or was served **(a)** on the judge in chambers in the format manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On January 7, 2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

TRUSTEE: Sandra McBeth (TR)    jwalker@mcbethlegal.com, CA65@ecfcbis.com;ecf.alert+McBeth@titlexi.com
ATTORNEY FOR DEBTOR: John Sullivan    johnw.sullivan@yahoo.com
ATTORNEY FOR TRUSTEE Meghann A Triplett    Meghann@MarguliesFaithlaw.com,
Helen@MarguliesFaithlaw.com;Victoria@MarguliesFaithlaw.com;Noreen@MarguliesFaithlaw.com;
Angela@MarguliesFaithlaw.com
United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On January 7, 2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

JUDGE: Honorable Deborah J. Saltzman, U.S. Bankruptcy Court, 255 E. Temple St., Ste. 1634, Los Angeles, CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 7, 2020 | Angela Saba | /s/ Angela Saba |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**